UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Fadumo Osman and Ikran Ahmed,

   Plaintiffs,

v.                   Civil No. 11-2953 (JNE/SER)
                    ORDER

Hillary Clinton, Secretary, U.S. Department
of State; and John Doe, Consular Chief, U.S.
Department of State, U.S. Embassy, Nairobi,

   Defendants.

   Fadumo Osman is a citizen of the United States and the mother of Ikran Ahmed. In September 2009, Osman filed a visa petition on behalf of Ahmed, who is a citizen of Somalia and a resident of Kenya. The petition was approved and forwarded to the U.S. Consulate in Nairobi, Kenya, for visa processing. After the petition's approval, Ahmed sought an immigrant visa at the U.S. Consulate in Nairobi, where she was interviewed in July 2010. Citing the Immigration and Nationality Act (INA) § 221(g), a consular officer refused Ahmed's visa application in August 2011. Less than two months later, Osman and Ahmed brought this action against the Secretary of State and the Consular Chief of the U.S. Embassy in Nairobi. Osman and Ahmed alleged that the denial of Ahmed's visa application took place without disclosure of "what is not in compliance or what section of law Ms. Ahmed might be inadmissible under § 212 of the INA" and that Ahmed's immigrant visa was unlawfully denied. Osman and Ahmed asked the Court to order the Secretary of State and the Consular Chief, as well as those acting under them, "to perform their duty to identify specifically what is not in compliance with . . . Ahmed's immigrant visa application; and if none is evident, to order Defendants to issue the visa."[1]

---

[1] The Court cannot order that a visa be issued. *See City of New York v. Baker*, 878 F.2d 507, 512 (D.C. Cir. 1989) ("As a court has no power to serve as a proxy consular officer, that

1

The Secretary of State and the Consular Chief moved to dismiss the action for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). They relied on the doctrine of consular nonreviewability:

> In view of the political nature of visa determinations and of the lack of any statute expressly authorizing judicial review of consular officers' actions, courts have applied what has become known as the doctrine of consular nonreviewability. The doctrine holds that a consular official's decision to issue or withhold a visa is not subject to judicial review, at least unless Congress says otherwise.

*Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159 (D.C. Cir. 1999); *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950) ("[I]t is not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given alien."); *Onuchukwu v. Clinton*, 408 F. App'x 558, 560 (3d Cir. 2010) (per curiam) ("Although Congress could provide an avenue through which courts could review consular decisions on visas, jurisdiction is not available through the statutes, such as the Declaratory Judgment Act or the Administrative Procedures Act, that the Onuchukwus cited in the District Court." (citations omitted)); *Bustamante v. Mukasey*, 531 F.3d 1059, 1060 (9th Cir. 2008) ("We hold today . . . that ordinarily, a consular official's decision to deny a visa to a foreigner is not subject to judicial review."); *cf. Doan v. INS*, 160 F.3d 508, 509 (8th Cir. 1998) ("Administrative decisions excluding aliens are not subject to judicial review unless there is a clear grant of authority by statute. As there is no such statutory authority here, we conclude that Director Martin's decision is not subject to judicial review.").

Osman and Ahmed opposed the motion. They asserted that the doctrine of consular nonreviewability does not apply because "they are seeking to compel the officer to apply the law properly, or, alternatively, to challenge the consular officer's violation of [Osman's] fundamental

---

part of the district court's order that purports to direct the issuance of visas is without force and effect.").

2

rights." Osman and Ahmed argued that "there has been no final decision of the visa application," that "the consular office failed to comply with applicable regulations," and that "the consular officer's inadequate denial" deprived Osman of "her fundamental right to the sanctity of maintaining her family."

In their reply, the Secretary of State and the Consular Chief contended that the doctrine of consular nonreviewability applies here because the refusal in August 2011 constituted a final decision on the visa application, that the Complaint contained no constitutional claims, that "there is no constitutionally protected right to live with one's foreign-born-child inside the United States," and that the consular official gave a facially legitimate and bona fide reason for refusing to issue the visa. More than one month after the submission of their reply, the Secretary of State and the Consular Chief filed a Notice of Superceding Final Agency Decision, which stated:

> On February 9, 2012, following a subsequent interview at which . . . Ahmed was permitted to provide additional information in support of her application, a consular officer once again refused . . . Ahmed's visa application . . . . The United States Department of State has concluded the administrative processing for which Ahmed's visa application was originally refused . . . .

A Refusal Worksheet was attached to the Notice. It informed Ahmed that she was found ineligible to receive a visa under INA § 212(a)(3).

To the extent Osman and Ahmed asserted the August 2011 denial was not a final decision and sought to compel a final decision on the visa application, the February 9 refusal of Ahmed's visa application renders their claims moot.[2] To the extent they sought review of the denial of

---

[2] Three days before they brought this action, Osman and Ahmed voluntarily dismissed another action that they had brought against the Secretary of State and the Consular Chief. Rule 41(a)(1) Dismissal, *Osman v. Clinton*, Civil No. 11-1108 (D. Minn. Oct. 4, 2011). Osman and Ahmed brought that action in April 2011 to compel the defendants "to complete any action necessary in order to complete the adjudication of . . . Ahmed's application for an immigrant visa." Complaint, *Osman v. Clinton*, Civil No. 11-1108 (D. Minn. Apr. 27, 2011).

Ahmed's visa application, the Court cannot consider their claims according to the doctrine of consular nonreviewability.  The attempt to avoid the doctrine of consular nonreviewability based on an assertion of a violation of Osman's "fundamental right to the sanctity of maintaining her family" fails because Osman did not assert a constitutional claim in the Complaint.  *See De Castro Polo v. Fairman*, 164 F. App'x 930, 933 (11th Cir. 2006) (per curiam) (finding plaintiff's argument to avoid doctrine of consular nonreviewability based on an alleged violation of due process unpersuasive where the alleged violation "appear[ed] in his initial brief on appeal, not his mandamus petition").  Even if she did, the claim fails.  *See de Lourdes Castro de Mercado v. Mukasey*, 566 F.3d 810, 816 n.5 (9th Cir. 2009) ("[T]he Mercados point to no authority to suggest that the Constitution provides them with a fundamental right to reside in the United States simply because other members of their family are citizens or lawful permanent residents."); *Payne-Barahona v. Gonzales*, 474 F.3d 1, 2 (1st Cir. 2007) ("The circuits that have addressed the constitutional issue (under varying incarnations of the immigration laws and in varying procedural postures) have uniformly held that a parent's otherwise valid deportation does not violate a child's constitutional right.").

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Secretary of State and the Consular Chief's Motion to Dismiss [Docket No. 4] is GRANTED.

2. This case is DISMISSED for lack of subject-matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 29, 2012

s/ Joan N. Ericksen<br>JOAN N. ERICKSEN<br>United States District Judge

4